08-2615-ag
Chowdhury v. Holder

BIA
Defonzo, IJ
A96 426 151

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of February, two thousand ten.

PRESENT:
>           DENNIS JACOBS,
>                     *Chief Judge*,
>           ROSEMARY S. POOLER,
>           REENA RAGGI,
>                     *Circuit Judges*.

————————————————————————————

FARHADUL MANNAN CHOWDHURY,
>      *Petitioner*,

>           v.                                    08-2615-ag
>                                                 NAC

ERIC H. HOLDER JR.,*
UNITED STATES ATTORNEY GENERAL,
>      *Respondent*.

————————————————————————————

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR PETITIONER:**          Salim Sheikh, New York, New York.

**FOR RESPONDENT:**          Gregory G. Katsas, Assistant Attorney General; Christopher C. Fuller, Senior Litigation Counsel; Zoe J. Heller, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DISMISSED in part and DENIED in part.

Farhadul Mannan Chowdhury, a native and citizen of Bangladesh, seeks review of a May 6, 2008 order of the BIA affirming the October 19, 2005 decision of Immigration Judge ("IJ") Paul A. Defonzo, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Farhadul Mannan Chowdhury*, No. A96 426 151 (B.I.A. May 6, 2008), *aff'g* No. A96 426 151 (Immig. Ct. N.Y. City Oct. 19, 2005). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA affirms and supplements the IJ's decision but does not adopt the IJ's adverse credibility determination, we review the IJ's decision as modified by

the BIA decision. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). Here, because the BIA did not adopt the IJ's adverse credibility finding, but explicitly stated that it was reviewing the claim on the assumption that petitioner's testimony was credible, we assume the credibility of that testimony. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).

We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir. 2007). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

## I. Asylum

As an initial matter, we do not have jurisdiction to review the IJ's determination that Chowdhury failed to establish "extraordinary circumstances" excusing his failure to file his asylum application within the one-year deadline. 8 U.S.C. § 1158(a)(3); *see also* 8 C.F.R. § 208.4(a)(5) ("extraordinary circumstances" refers to "events or factors directly related to the failure to meet the 1-year deadline). Chowdhury argues that the IJ failed to consider

3

his argument that he did not apply for asylum because he thought he could gain residency through employment. However, this argument amounts to nothing more than a challenge to the IJ's fact-finding with respect to the one-year bar, which this Court does not have jurisdiction to review. *See* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 330-32 (2d Cir. 2006). Accordingly, to the extent Chowdhury challenges the pretermission of his untimely asylum application, we dismiss the petition for review.

**II. Withholding of Removal**

We also find that the BIA properly denied Chowdhury's application for withholding of removal, which is not subject to the one-year bar. With regard to Chowdhury's testimony that he was threatened, harassed, verbally abused, and manhandled by his former girlfriend's uncle, a major in the Bangladeshi army, the BIA properly found that he failed to provide sufficient evidence that he suffered this abuse on account of a protected ground. *See* 8 U.S.C. § 1101(a)(42). By Chowdhury's own admission, the main goal of his girlfriend's uncle was to break up their relationship. While Chowdhury believed that the reason was his "religious

4

independence," this is insufficient to bring the uncle's harassment within the ambit of refugee protection. *Cf. Rizal v. Gonzales*, 442 F.3d 84, 90 (2d Cir. 2006) ("The critical showing that an applicant must make . . . is that he has suffered past persecution, or fears future persecution, on the basis of religion."). Accordingly, the BIA's nexus finding was supported by substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Manzur,* 494 F.3d at 289. This finding is dispositive of Chowdhury's claimed fear of future persecution by his former girlfriend's uncle.

In 1982, while Chowdhury was in college and a member of the Bangladesh National Party (BNP), he was physically removed from a rickshaw by student members of a rival political party, held at their "compound" for at least a day, and beaten. The BIA found without further explanation that "this incident alone does not rise to the level of persecution." It is well established that beatings and torture can constitute persecution, particularly when they occur in the context of a detention. *See, e.g., Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006); *Yan Chen*, 417 F.3d at 272, 275. The BIA did not explain why the beatings of Chowdhury occurring in the context of a detention by

5

members of the rival party did not constitute past persecution.  *See Beskovic*, 467 F.3d at 227 ("Whether or not [petitioner] is entitled to a presumption of future persecution requires a determination, based on the correct legal standard, of whether he suffered past persecution.  Because we cannot determine whether the IJ correctly assessed [petitioner's] claim of past persecution, we are stymied.").

However, even if the BIA's explanation was insufficient, there is no evidence in the record that the government failed to prevent the actions of the student members of the rival political party.  *See Pavlova v. INS*, 441 F.3d 82, 91 (2d Cir. 2006) ("[W]e have never held that direct governmental action is required to make out a claim of persecution.  On the contrary, it is well established that private acts may be persecution if the government has proved unwilling to control such action.") (internal quotation marks omitted).  Because Chowdhury has not presented evidence that the government was "unwilling to control such actions," *id.*, he cannot establish persecution based on this record.  Remand is therefore futile.  *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 401 (2d Cir. 2005).

**III. CAT Relief**

Finally, we find that the BIA's denial of CAT relief is supported by substantial evidence.  Chowdhury bases his CAT claim on the same evidence of his withholding of removal claim, and he fails to indicate anything in the record that would a compel a conclusion contrary that he would more likely than not be tortured.  *See* 8 U.S.C. § 1252(b)(4)(B); *see also Manzur,* 494 F.3d at 289.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.  Any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7